# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MICHELLE MELLEMA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA, DIVISION OF CHILD AND FAMILY SERVICES,<br><br>　　　　　Defendant. | CASE NO.: 3:08-CV-282-BES-RAM<br><br>**ORDER** |

Presently before the court is Defendant State of Nevada ex rel. its Division of Child and Family Services's ("DCFS") Motion to Dismiss or Alternatively for Summary Judgment (#13) filed pursuant to Rules 12 (b)(6) and 56 of the Federal Rules of Civil Procedure (FRCP) on July 29, 2008. Plaintiff Michelle Mellema ("Plaintiff") filed her "Answer to Defendant's Motion to Dismiss or Alternatively Summary Judgment" (#17) on August 4, 2008 and a "2nd Part of Answer/Points and Authorities to Defendant's Motion to Dismiss or Summary Judgment" (#18) on August 6, 2008. DCFS filed its Reply to Answer to Motion to Dismiss or Alternatively for Summary Judgment (#20) on August 13, 2008.

## BACKGROUND

This matter arises out of a lawsuit initiated by Plaintiff seeking restitution for the alleged "nonfeasance" of DCFS. In her Complaint (#6), Plaintiff alleges that DCFS ignored her complaints of child abuse. Essentially, Plaintiff seeks "financial restitution" for therapy costs and for personal injury. Plaintiff has invoked this court's jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1332.

///

DCFS seeks dismissal of Plaintiff's claims on the grounds that this lawsuit is barred by the Eleventh Amendment, that it is not a person who can be sued pursuant to 42 U.S.C. § 1983 and that it is entitled to discretionary immunity pursuant to NRS 41.032.  In her "Answers" (#17, #18), Plaintiff offers no legal authority to dispute DCFS's arguments.

## DISCUSSION

In considering a motion to dismiss for failure to state a claim under Rule 12 (b)(6), the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. LSO, Ltd. v. Stroh, 205 f.3d 1146, 1150 (9th Cir. 2000).  The allegations of the complaint must also be construed in the light most favorable to the nonmoving party. Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000). The purpose of a motion to dismiss under Rule 12 (b)(6) is to test the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. Bell Atlantic Corp. V. Twombly, 127 S.Ct. 1955, 1965 (2007).

Because Plaintiff is a pro se litigant, the court must construe liberally her inartful pleading. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).  Thus, the court must decide whether it appears beyond doubt that Plaintiff can prove no set of facts in support of her claims which would entitle her to relief, even when her claims are liberally construed. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).

In the instant matter, it is not possible for Plaintiff to establish a plausible entitlement to relief under the legal theories she has advanced, even granting her considerable leeway as a pro se litigant.  The law is well settled that the Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Elec. Coop., 951 F.2d 1050, 1053 (9th. Cir. 1991). (citations omitted).  Moreover, the Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature. Id. NRS 41.031(3) provides that "The State of Nevada does not waive its immunity form suit conferred by Amendment XI of the Constitution of the United States."  Here, because the State of

Nevada has not waived Eleventh Amendment immunity, this matter should be dismissed. Moreover, Plaintiff's complaint is also subject to dismissal because "Neither a State nor its officials acting in their official capacities are 'persons' under §1983." Will v. Michigan, 491 U.S. 58, 71 (1989). Finally, NRS 41.032 provides DCFS with discretionary immunity for the acts alleged in the complaint. The conduct of a child welfare investigation is a discretionary function. Foster v. Washoe County Social Services, 114 Nev. 936, 941-42, 964 P.2d 788, 792 (1998). For these reasons, Plaintiff's complaint fails to state a claim upon which relief can be granted and is therefore dismissed.

In general, before dismissing a pro se complaint for failure to state a claim, a district court should give a pro se litigant leave to amend the complaint and a statement explaining the complaint's deficiencies. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-24 (9th Cir. 1988). Leave to amend is not required, however, where it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. Karim-Panahi, 839 F.2d at 623; see also Shermoen v. United States, 982 F.2d 1312, 1319 (9th Cir. 1992) ("'[A] district court does not err in denying leave to amend where the amendment would be futile.'"). Here, Plaintiff cannot cure the deficiencies of her complaint by amendment. Therefore, Plaintiff's claims are dismissed without leave to amend.

## CONCLUSION

For these reasons, IT IS ORDERED that DCFS's Motion to Dismiss (#13) is GRANTED. The Clerk of the Court shall enter judgment accordingly.

DATED: This 10th day of February, 2009.

_____
UNITED STATES DISTRICT JUDGE